**SELAMA–DINDINGS PLANTATIONS, LTD., Plaintiff-Appellee,**

v.

**CINCINNATI UNION STOCK YARD COMPANY, Defendant-Appellant.**

**SELAMA–DINDINGS PLANTATIONS, LTD., Plaintiff-Cross-Appellant,**

v.

**CINCINNATI UNION STOCK YARD COMPANY, Defendant-Cross-Appellee.**

Nos. 15412, 15413.

United States Court of Appeals
Sixth Circuit.

Nov. 6, 1964.

S. Arthur Spiegel, Cincinnati, Ohio, for Selama-Dindings Plantations, Cohen, Baron, Druffel & Hogan, James Q. Doran, Mark S. Baron, Cincinnati, Ohio, on the brief.

Murray Seasongood and Robert P. Goldman, Cincinnati, Ohio, for Cincinnati Union Stock Yard Co., Clyde M. Abbott, Reuven J. Katz, Paxton & Seasongood, Cincinnati, Ohio, on the brief.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This litigation involves a contest for control of the Cincinnati Union Stock Yard Company. The antagonists were representatives of the plaintiff registered investment company, Selama-Dindings Plantations, Ltd., on one side, and the longtime directors of defendant Cincinnati Union Stock Yard Company on the other. Plaintiff's corporate charter was granted in Hawaii, but it maintains the office of its Executive Committee in Chicago. Its officers evidently saw opportunity for gain in moving in on what it considered a venerable, profitable, but slumbering Cincinnati enterprise. The defendant, a locally owned and long respected business, was described by its directors in their protests against the newcomers as "a solid Cincinnati institution." Substantial numbers of the local shareholders were apparently willing, however, to trade tradition for the attractive prices offered for their shares. Plaintiff gained a foothold and then carried on a campaign to gain control. Defendant's directors resisted. The ensuing contest was bitter. As of the last brief filed, defendant asserts that plaintiff has invested over a million dollars in the shares of defendant company and

"has been or will be able to assume control immediately, if the court does not make permanent the injunction against doing so entered by the District Court."

A proxy fight was carried on and each party charges the other with fraud, deception and gross improprieties in the methods employed in the struggle for control. Plaintiff instituted the present lawsuit as a derivative action for the benefit of the stock yard's shareholders, claiming the defendant directors had sold a piece of corporate property for less than it could have been sold, and had caused the company to spend funds on improper proxy solicitation. Defendants met the complaint with a counterclaim for damages arising from the expenses incurred by the stock yard company in resisting plaintiff's campaign to obtain control "conducted by impermissible and illegal methods," asking in addition that plaintiff be enjoined from taking control and suggesting a decree of divestiture as a means of undoing the wrongs claimed to have been committed by plaintiff's representatives.

After a lengthy trial, the District Judge filed his opinion with Findings of Fact and Conclusions of Law, denying relief to both sides. His opinion is reported as Selama-Dindings Plantations, Ltd. v. Durham, 216 F.Supp. 104 (S.D. Ohio, 1963). This opinion more fully sets forth the issues of fact and the legal questions involved.

The opposing positions of the litigants involve primarily questions of fact. We are satisfied that the District Judge's findings of fact are not clearly erroneous and that no relevant rule of law was misapplied. The factual background of the litigation is adequately set out in the District Court opinion and no purpose would be served by our elaboration of the reasons which lead us to approve the result reached by the District Judge.

Judgment affirmed. Each party will pay its own costs on this appeal, but without prejudice to consideration by the District Court of indemnification by the defendant Cincinnati Union Stock Yard Company of its directors for their personal expense arising from the prosecution of this litigation. The order of the District Court barring further proxy solicitation and shareholders' meetings is dissolved in accordance with the opinion of that Court, affirmed hereby.

